IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REBECCA J. CHOATE §
 §
      Plaintiff, §
 §
VS. § NO. 3-06-CV-2146-L
 §
JOHN E. POTTER, Postmaster §
General, United States Postal Service §
 §
      Defendant. §

## **MEMORANDUM ORDER**

Plaintiff Rebecca J. Choate has filed a motion to compel discovery in this age discrimination case brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the retaliation provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a). At issue is the refusal of defendant to answer one interrogatory and seven document requests. The parties have briefed their respective positions in a Joint Status Report filed on April 1, 2008, and the motion is ripe for determination.

A party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As the party seeking discovery, plaintiff must establish this threshold burden. *See E.E.O.C. v. Renaissance III Organization*, No. 3-05-CV-1063-B, 2006 WL 832504 at *1 (N.D. Tex. Mar. 30, 2006) (Kaplan, J.), citing *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. 1994) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that

party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent."). Once plaintiff establishes that her interrogatories and document requests are within the scope of permissible discovery, the burden shifts to defendant to show why discovery should not be permitted. *See Spiegelberg Manufacturing, Inc. v. Hancock*, No. 3-07-CV-1314-G, 2007 WL 4258246 at *1 (N.D. Tex. Dec. 3, 2007) (Kaplan, J.) (citing cases). *But see Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.), *quoting McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that party opposing discovery must "show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.").

The gravamen of plaintiff's complaint is that she was not selected to fill either of two higher paying vacant secretarial positions at the Southwest Area office of the United States Postal Service ("USPS"). Instead, the positions went to Shawna Thurman and Sonya Battles, two contract employees who, unlike plaintiff, were younger than 40 years of age. Peter Sgro, Southwest Area Manager for Human Resources, made the decision to hire Thurman. Terry Wilson, Southwest Area Manager for Operations Support, made the decision to hire Battles. Plaintiff believes that her non-selection for these positions was due to her age and the fact that she was listed as a witness for her immediate supervisor, Keith Greathouse, who filed a race discrimination and retaliation complaint against the Dallas District Director, Carl January.

In one interrogatory and four document requests, plaintiff asks defendant to:

> Interrogatory No. 10:
> Identify any and all employees from Manpower, Kelly Girls, and/or any other contractor, who were employed as temporary employees for the Southwest Area and then were subsequently hired as permanent

career employees. Please identify the dates that each was hired as temporary employees and the dates that each one became permanent career employees.

Request No. 3:
Produce copies of the OPF file, supervisor's file, grievance file, and discipline file for each of the comparators named in [plaintiff's] EEO filings, Joanne Burney, Shawna Thurman, and Sonya Battle.

Request No. 4:
Produce copies of all Privacy Act systems records, including but not limited to the OPF file, supervisor's file and disciplinary file for Manuel Arguello, Peter Sgro, Terry Wilson, Lyne McWhorter and/or Carl January, the primary responsible officials in this case.

Request No. 10:
Any and all documents in any personnel file [ ] maintained by or on behalf of Defendant relating to any person(s) who had an adverse action(s) for allegedly same and/or similar reason as given for Plaintiff's adverse action(s).

Request No. 16:
Produce copies of the attendance records for the last ten (10) years for Shawna Thurman, LaSonya Battles, and Jo Anne Burney.

Defendant's primary objection to these discovery requests is that they are not limited to the geographic unit where plaintiff worked, the contract workers who were hired to fill the positions sought by plaintiff, and the supervisors who made the hiring decisions. The court agrees. *See Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588, 592 (5th Cir. 1978) (limiting discovery in Title VII case to "employing unit" or "work unit"). With respect to Interrogatory No. 10, defendant shall answer only for those temporary contract workers who were hired by either Peter Sgro or Terry Wilson as permanent career employees. Similarly, defendant need only produce the OPF files, supervisor's files, grievance files, disciplinary files, and attendance records for Shawna Thurman and Sonya Battles (Request Nos. 3 & 16), and the OPF files, supervisor's files, and disciplinary files for

Peter Sgro, Terry Wilson, Carl January, and Manuel Arguello (Request No. 4).[1] Defendant's objection to Request No. 10 is sustained in its entirety.

In Request No. 30, plaintiff seeks:

> [A] copy of any and all lawsuits, grievances, EEO's and arbitration decisions involving the use of contractors, i.e. Kelly Girls, Manpower, etc., including but not limited to the recent decision reached in Phoenix, Arizona.

Courts generally allow discovery of other claims and lawsuits against an employer that are sufficiently similar to the plaintiff's claims. *See, e.g. Kirchner v. Mitsui & Co. (U.S.A.), Inc.*, 184 F.R.D. 124, 130 (M.D. Tenn. 1998) (plaintiff's request for discovery of other sexual harassment claims against employer limited to office in which she worked); *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528 (D. Nev. 1997) (plaintiff's request for information regarding prior complaints of race discrimination or harassment was properly limited to store in which she worked); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 62-63 (E.D. Pa. 1979) (plaintiff's discovery request regarding prior complaints of discrimination would be limited to facility where he was employed, time period of his employment, and subject matter of his complaint). Therefore, defendant shall answer this discovery request only for lawsuits, grievances, EEO decisions, and arbitration decisions involving the use of temporary contract workers in the Southwest Area office for the past five years.

Finally, plaintiff asks defendant to:

> Request No. 28:
> Produce a copy of the list of all secretarial positions within the commute range to the Southwest Area office, including but not limited to Dallas, Fort Worth, Southwest Law Department, Southwest Area office, salaries, etc.

---

[1] The court specifically rejects plaintiff's argument that she is entitled to the personnel files and other records for Jo Anne Burney and Lynn McWhorter. Burney was hired by McWhorter for a vacant secretarial position that plaintiff did not apply for.

> Request No. 35:[2]
> Produce copies of Tuletha Jones' gate rings and clock rings for the last two (2) years.

As defendant correctly argues, plaintiff has failed to show how any of these documents are even remotely relevant to plaintiff's claim that she was not hired by Sgro and Wilson for two vacant secretarial positions in the Southwest Area office on account of her age and in retaliation for engaging in protected EEO activity.

## CONCLUSION

For these reasons, plaintiff's motion to compel responses to interrogatories and requests for production of documents [Doc. #34] is granted in part. Defendant shall answer Interrogatory No. 10 and produce the documents specified in Request Nos. 3, 4, 16 & 30, as those discovery requests have been limited in this order, by **April 16, 2008**. In all other respects, plaintiff's motion to compel is denied.

SO ORDERED.

DATED: April 3, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] This request is improperly numbered as Request No. 36 in the Joint Status Report filed by the parties.