IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REBECCA CHOATE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:06-CV-2146-L |
| § | |
| JOHN E. POTTER, Postmaster General, § | |
| United States Postal Service, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rebecca Choate ("Plaintiff" or "Choate") filed this action on November 20, 2006, against Defendant John E. Potter, Postmaster General of the United States Postal Service ("Defendant" or "Potter"). She filed the action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA"), contending that she had been retaliated against in violation of Title VII and discriminated against because of her age in violation of the ADEA. Plaintiff is a federal employee, and the parties have agreed and stipulated that she is not entitled to a jury trial on the age discrimination claim; therefore, the court is required to decide the age discrimination claim, and the jury is required to decide the retaliation claim. The jury, after a three-day trial, rendered its verdict on May 16, 2008, on the retaliation claim. The court, by way of this opinion, makes the following findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure regarding Plaintiff's ADEA claim.

**Memorandum Opinion and Order - Page 1**

## I. Findings of Fact[1]

Plaintiff is an employee of the United States Postal Service ("Postal Service") and had been so employed for approximately twenty-four years at the time she filed her lawsuit. She was born in 1958[2] and was over the age of forty at the time of the allegedly discriminatory action by Defendant.

In the summer of 2004, vacancies for three EAS-14 Secretary positions in the Southwest Area Office were announced by the Postal Service. The available positions were in Finance, Operations Support, and Human Resources. Plaintiff applied for the positions in Operations Support and Human Resources; she did not seek the secretarial position in Finance. At this time, Plaintiff held the position or grade of EAS-12 Secretary. A number of other persons applied for these three positions.

In December 2004, the Review Committee recommended the following persons to be interviewed for the vacant positions: LaSonya Battle, Sandra Blake, Joann Burney, Christine Carlile, Patricia Chilton, Rebecca Choate, Zillah Gresham, Michelle Knight, Brenda Moore, Jenette Naranja, Becky Ortiz, and Shawna Thurman. All applicants recommended by the Review Committee were

---

[1]The facts contained herein are either undisputed or the court has made the finding based on the credibility or believability of each witness. In doing so, the court considered all the circumstances under which the witness testified, including: the relationship of the witness to Plaintiff or Defendant; the interest, if any, the witness has in the outcome of the case; the witness's appearance, demeanor, and manner of testifying while on the witness stand; the witness's apparent candor and fairness, or the lack thereof; the reasonableness or unreasonableness of the witness's testimony; the opportunity of the witness to observe or acquire knowledge concerning the facts to which he or she testified; the extent to which the witness was contradicted or supported by other credible evidence; and whether such contradiction related to an important factor in the case or some minor or unimportant detail. When necessary, the court comments on the credibility of a witness or the weight to be given a witness's testimony. The court has included only those facts necessary to make its requisite findings under Rule 52 of the Federal Rules of Civil Procedure.

[2]Plaintiff's First Amended Complaint states that Plaintiff was born in 1959; however, several exhibits list 1958 as the year Plaintiff was born. This discrepancy is of no moment, as Plaintiff was older than forty years of age at the time the allegedly discriminatory act took place.

qualified for the EAS-14 secretarial positions and entitled to be interviewed for a position. The interviews were conducted in mid-December 2004. The persons interviewing the candidates were Peter Sgro ("Sgro"), Manager of Human Resources, Southwest Area Office; Terry Wilson ("Wilson"), Manager of Operations Support, Southwest Area Office; and Lyn McWhorter, Manager of Finance, Southwest Area Office.

After the interviews had been conducted, Sgro selected Shawna Thurman, and Wilson selected LaSonya Battle. Plaintiff was not selected for either position. On January 7, 2005, Sgro informed Shawna Thurman that she had been selected to fill a Secretary EAS-14 position for Human Resources, and Wilson informed LaSonya Battle that she had been selected to fill a Secretary EAS-14 position for Operations Support.

As part of her lawsuit, Plaintiff Choate contends that Defendant Potter discriminated against her because of her age when Sgro and Wilson did not select her for an EAS-14 Secretary position. LaSonya Battle and Shawna Thurman are both younger than forty years of age; Ms. Battle was born in 1972, and Ms. Thurman was born in 1976.

Wilson testified that he selected the person he deemed "best qualified for the job." He looked for someone who "matched [his] needs." He testified that Plaintiff was not the top candidate and that there were several better qualified candidates. Wilson also testified that LaSonya Battle had a college degree, was "well-educated, well-spoken" and that she "had a real talent." He also stated that she "blew me away in the interview." He further testified that during the interview, she was very professional, "very articulate," and had a "very positive attitude" and a "positive outlook on life." Finally, Wilson testified that his selection of LaSonya Battle "was based clearly on [his] assessment of the applicants during the interview." According to Wilson, the interview process is

important because it allows you to make a decision as to which applicant best meets your expectations and needs.

With respect to Plaintiff's age, Wilson testified that he "really didn't care about her age and would not inquire into anyone's age during an interview." Further, Wilson's answer to Question No. 18 of his Affidavit, which is part of Defendant's Exhibit 1, states that age was not a factor or consideration in the nonselection of Plaintiff for a Secretary EAS-14 position.

In explaining his nonselection of Plaintiff, Sgro believed that "she possessed some of the skills necessary [for the position], but not all," and that Shawna Thurman, the person selected, "possessed skills over and above the requirements and ha[d] experience in the job." Def.'s Ex. 1, Peter Sgro Aff., Answer to Question No. 15. Sgro explained at trial that Plaintiff did not have the skills to manage the website. He also testified that he got the impression that Plaintiff had scheduled and set up meetings, a function of the position, "on a very limited basis." He also testified that Shawna Thurman's computer skills were superior to those of Plaintiff. Sgro further testified that, because Shawna Thurman had worked for him a year-and-a-half prior to being selected and had "done a great job," such experience was a "big factor" in selecting her for the Secretary EAS-14 position rather than Plaintiff. Finally, Sgro stated that he made his decision based on the applicants' qualifications, interview, and experience, and that Plaintiff was not the best qualified for the position. Plaintiff's age was not a factor in Sgro's decision to select Shawna Thurman rather than Plaintiff.[3]

---

[3]The court finds that it is unnecessary to list *all* of the qualifications and experience set out in the exhibits regarding each applicant because all were qualified and met the basic requirements for a Secretary EAS-14 position. Had any applicant not been qualified, she would not have been recommended for an interview. Moreover, the court finds that the interview is critical because the selecting official has the opportunity to observe the applicant firsthand and determine, among other things, whether compatibility exists. While experience is quite important, it has diminished value if the applicant and selecting official are

**Memorandum Opinion and Order - Page 4**

## II. Conclusions of Law[4]

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action "arising under the Constitution, laws, or treaties of the United States." The court also has jurisdiction pursuant to 42 U.S.C. § 2000e - 5(3) and 29 U.S.C. § 626(c)(1). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

The ADEA prohibits an employer from discriminating against any individual, in hiring or discharge, or with respect to "compensation, terms, conditions, or privileges of employment," on the basis of age. 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of employment discrimination under the ADEA for failure to promote, Plaintiff must prove that: "'(1) [she] was [denied a promotion]; (2) [she] was qualified for the position; (3) [she] was within the protected class at the time of [denial of the promotion]; and (4) [the employer] either i) [promoted] someone outside the protected class, ii) [promoted] someone younger, or iii) otherwise [discriminated against her] because of [her] age.'" *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (quoting *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003)). Once a plaintiff establishes a *prima facie* case, the defendant must set forth a legitimate, nondiscriminatory reason for the employment action it took against the plaintiff. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). This is a burden of production, not persuasion, on the defendant's part, and it "can involve no credibility assessment." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). If the defendant meets this burden, the plaintiff must establish that the employment action occurred because of intentional discrimination. *Machinchick*, 398 F.3d at 350. In other words, in

---

incompatible. A good working relationship rarely develops in such instances.

[4]Any finding of fact which may also constitute a conclusion of law shall be deemed a conclusion of law, and any conclusion of law which may also constitute a finding of fact shall be deemed a finding of fact.

**Memorandum Opinion and Order - Page 5**

this case, Plaintiff Choate's age must have "actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)) (internal quotation marks omitted).

The scheme outlined in the preceding paragraph is that set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), which contemplates a "pretext" case. In *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), the Court modified the third step of the *McDonnell Douglas* test and held that direct evidence of discrimination is not required to prove employment discrimination in a "mixed-motive" case. A "mixed-motive" case is one in which illegal discrimination is a motivating factor, among others, on the part of the employer for taking the adverse employment action against the employee. Under the "mixed-motive" framework, the first two steps are the same as those under the *McDonnell Douglas* analysis. The distinction lies in the final or third step. A plaintiff must show that "the employer's proffered reason is a pretext for discrimination," or "that the employer's reason, although true, is but one of the reasons for its conduct, another of which was discrimination." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005) (citing *Rachid*, 376 F.3d 312). If the employee proves that illegal discrimination was a motivating factor, the employer must establish that it would have taken the same action against the employee regardless of the discriminatory animus. *Id.*

The parties do not assert that this is a "mixed-motive" case as opposed to a "pretext" case. Neither *Desert Palace* nor *Richardson* affects the court's decision in this case, as Plaintiff, for the reasons later set forth, fails to establish that age was a *determinative influence* or a *motivating factor* in Defendant's decision to not promote her to an EAS-14 Secretary position.

Plaintiff has established a *prima facie* case of age discrimination because (1) she was denied a promotion, (2) she was over forty years of age at the time of denial, (3) she was qualified for the position of EAS-14 Secretary, and (4) Defendant promoted two persons who were under forty years of age to the position Plaintiff sought. Defendant has set forth a legitimate, nondiscriminatory reason for its refusal to promote Plaintiff: she was not the best or most qualified person for either of the EAS-14 Secretary positions. Promoting the most qualified candidate is a legitimate, nondiscriminatory reason for rejecting a less qualified candidate.

As Defendant has set forth a legitimate, nondiscriminatory reason for its employment action, Plaintiff must prove intentional discrimination because of her age. Plaintiff fails to prove, by a preponderance of the evidence, that she was intentionally discriminated against because of her age. Nothing in the record even intimates that age was a consideration or factor in Wilson's or Sgro's decision to select someone other than Plaintiff. Both have testified that age played no role, and there is no competent evidence to rebut their testimony. The court determines that both Wilson and Sgro were credible witnesses. This is not to say that Plaintiff Choate testified falsely; however, her perception of what occurred is not supported by the record. The court is convinced Plaintiff has a subjective belief that age was a determinative or motivating factor for Defendant's refusal to promote her; however, such subjective belief standing alone is insufficient as a matter of law to prove intentional age discrimination. *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997); *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 555 (5th Cir. 1997); *Douglas v. United Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

Plaintiff also offers evidence that suggests Defendant violated the Postal Service's policies and regulations when it promoted Shawna Thurman because she had been in a temporary position

in excess of 120 days and was therefore ineligible to be considered for promotion. The court does not believe this to be the case, because Debra Mills, a Human Resource Specialist in the Southwest Area Office, clarified earlier testimony regarding the 120-day rule and testified that the promotion of Shawna Thurman did not violate this rule. The 120-day rule, as explained by Ms. Mills, applies only to *employees* of the Postal Service. As Shawna Thurman was working at the Postal Service on temporary assignment by a private entity, Manpower, she was not an employee within the meaning of the rule. Even if Defendant violated the 120-day rule, there is no evidence that Plaintiff's age was a factor or basis for the violation. Such an assertion is pure speculation or a subjective belief on Plaintiff's part. The subjective belief and speculation lack evidentiary support to sustain an age discrimination claim.

## III. Conclusion

For the reasons stated herein, the court **concludes** that Plaintiff fails to establish that Defendant intentionally discriminated against her because of her age. Accordingly, the court **dismisses with prejudice** Plaintiff's age discrimination claim. As required by Rule 58 of the Federal Rules of Civil Procedure, the court will issue judgment by separate document.

**It is so ordered** this 22nd day of May, 2008.

Sam A. Lindsay
United States District Judge