IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REBECCA J. CHOATE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-2146-L** |
| | § | |
| **JOHN E. POTTER**, Postmaster General, | § | |
| United States Postal Service, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Renewed Motion for Judgment as a Matter of Law, filed June 6, 2008. After careful consideration of the motion, response, supplemental response, reply, record, and applicable law, the court **grants** Defendant's Renewed Motion for Judgment as a Matter of Law.

### I. Factual and Procedural Background

Plaintiff Rebecca Choate ("Plaintiff" or "Choate") filed this action on November 20, 2006, against Defendant John E. Potter, Postmaster General of the United States Postal Service ("Potter"). She filed the action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA") and contended that she had been retaliated against in violation of Title VII and discriminated against because of her age in violation of the ADEA.

Choate is an employee of the United States Postal Service ("Postal Service") and had been so employed for approximately twenty-four years at the time she filed her lawsuit. Because she was secretary to Keith Greathouse, who had filed a racial discrimination and retaliation suit against the Postal Service, Choate was selected to testify at his Equal Employment Opportunity ("EEO")

hearing. As part of her lawsuit, Choate contended that the Dallas District Manager, Carl January, failed to approve the exceptional contributor performance rating recommended by her supervisor because of this EEO involvement.

After Plaintiff rested, and again at the conclusion of all evidence, Potter moved for judgment as a matter of law. The court denied Potter's motions. The jury, after a three-day trial, rendered its verdict on May 16, 2008. In relevant part, it found that Potter retaliated against Choate when Carl January did not approve the exceptional contributor performance rating as recommended by Keith Greathouse. Potter now renews its motion for judgment as a matter of law as to this claim.

## II. Choate's Contention that Potter Seeks Renewed Motion on Grounds Different than the Pre-verdict Motion

Without citation to the trial record, Choate contends that Potter's motion is not proper because he failed to argue any facts or law regarding Mr. January's change to her merit rating when he renewed his motion for judgment as a matter of law at the conclusion of all the evidence . "A post-trial motion for judgment [as a matter of law] can be granted only on grounds advanced in the pre-verdict motion." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 398 n.1 (2006) (quoting Amendments to Federal Rules of Civil Procedure, 134 F.R.D. 525, 687 (1991)); *see also DeCorte v. Jordan*, 497 F.3d 433, 438 (5th Cir. 2007). The record reflects that Potter included this ground in his initial motion and renewed the motion at the conclusion of all the evidence.

In his initial motion for judgment as a matter of law, Potter argued that, with respect to "the subsequent performance reviews, I am not sure there is any evidence, but Ms. Fisher certainly can address that[, that] someone had knowledge of her EEO activity and gave her a bad performance review because she was engaged in protected activity." Trial Tr. vol. 3, 556:5-10, May 15, 2008. At the close of all evidence, Potter re-urged his motion, and neither party opted to make further

**Memorandum Opinion and Order – Page 2**

argument. *Id.* at 747: 21-748:1-2, 749:2-6. Therefore, the issue of Mr. January's change to Choate's merit rating was raised as a ground in the pre-verdict judgment as a matter of law, and Potter does not now seek to renew his motion on different grounds. Accordingly, Potters renewed judgment as a matter of law is properly before the court.

### III. Potter's Renewed Motion for Judgment as a Matter of Law

The court now addresses the merits of Potter's renewed motion for judgment as a matter of law. Potter renews his motion for judgment as a matter of law as to Choate's claim that he retaliated against her when Carl January did not approve the exceptional contributor performance rating as recommended by Keith Greathouse.

#### A. Standard of Review for Judgment as a Matter of Law

Judgment as a matter of law is proper where "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party." Fed. R. Civ. P. 50(a)(1). The court must review all of the evidence in the record and "draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Judgment as a matter of law should be granted only "if the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Coffel v. Stryker Corp.*, 384 F.3d 625, 630 (5th Cir. 2002); *see also Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005). Thus, a jury verdict must be upheld unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Id.* at 296-297 (internal quotations omitted). A court must test the sufficiency of the evidence under the standard enunciated in *Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir. 1969) (*en banc*), *overruled on unrelated grounds, Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 336-38 (5th Cir. 1997) (*en banc*); *Casarez v. Burlington*

*Northern Santa Fe Co.*, 193 F.3d 334, 336 (5th Cir. 1999). Under *Boeing*, "[t]here must be a conflict in substantial evidence to create a jury question." 411 F.2d at 375. Substantial evidence is "evidence of such quality and weight that reasonable and fairminded [persons] in the exercise of impartial judgment might reach different conclusions." *Id*. at 374; *see also Krystek v. University of Southern Miss.*, 164 F.3d 251, 255 (5th Cir. 1999).

### B. Discussion

To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that: (1) she engaged in a protected activity; (2) she experienced an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007).

Potter contends that Choate failed to establish a prima facie case for retaliation. He argues that Choate's claim that her lower performance evaluation was an adverse employment action fails as a matter of law because she did not establish "that the lower score led to a more tangible form of adverse action, such as ineligibility for promotional opportunities." Def.'s JMOL 6. Potter also argues that Choate failed to establish a causal link between her EEO participation and the lower performance evaluation. Choate contends that she experienced an adverse employment action when her performance evaluation was lowered because employees who met the objective factors for a certain rating were entitled to that rating and she had met the objectives for an exceptional contributor rating. Choate also contends that Carl January never denied that he knew about her participation in protected activity and that they were both present at Keith Greathouse's EEO hearing.

Assuming, without holding, that Choate experienced an adverse employment action when Carl January did not approve the exceptional contributor performance rating as recommended by Keith Greathouse, the court concludes that her retaliation claim fails because she has not established a causal link between this action and the protected activity. Although the parties concede that Choate participated in protected activity and that Carl January did not approve the exceptional contributor performance rating as recommended by Keith Greathouse, Choate did not "connect the dots." Choate failed to show that her lower rating was *caused by* her participation in protected activity. Moreover, Choate failed to establish that Carl January knew about her participation in protected activity.

Choate attempts to show causation by arguing, without citation to the trial record, that Carl January never denied that he knew about her participation in protected activity and that they were both present at Keith Greathouse's EEO hearing. This statement misunderstands the burden of proof on this element and is unsupported by the record. Choate bears the burden of establishing each element of her *prima facie* case of retaliation, which includes the element of causation. Potter is not obligated to prove that he did not know about her participation in protected activity. Plaintiff must establish that Carl January had such knowledge. Choate has failed to do so. As Potter correctly argues, there was no testimony that Carl January knew that Plaintiff testified at Keith Greathouse's EEO hearing. There was also no evidence from which such a conclusion could be reasonably inferred. The record reflects that the EEO hearing was conducted on August 30-31, 2005 and that Choate testified on August 30th. The record is silent on the date that Carl January testified. If he testified on the same date and around the same time as Choate, the jury might be able to reasonably infer that he had knowledge of her participation. If, however, she testified in the morning and he

testified in the afternoon; if both testified in the morning or afternoon but not in sequence; or if he testified on a different day, the same inference may not be reasonable. Without knowing when Carl January testified at the EEO hearing, the jury could not reasonably infer that he knew about Choate's involvement. That they both testified, without more, is insufficient to establish that Carl January knew of Choate's participation in the EEO hearing. Because Choate has failed to establish a causal link between her protected activity and the adverse employment action, there is no legally sufficient evidentiary basis for a reasonable jury to find that Potter retaliated against her when Carl January did not approve the exceptional contributor performance rating as recommended by Keith Greathouse. Accordingly, Potter is entitled to judgment as a matter of law on this aspect of her retaliation claim.

### IV. Conclusion

For the reasons stated herein, the court determines that there is no legally sufficient evidentiary basis for a reasonable jury to find that Potter retaliated against her when Carl January did not approve the exceptional contributor performance rating as recommended by Keith Greathouse. Accordingly, the court **grants** Defendant's Renewed Motion for Judgment as a Matter of Law.

As a result of granting this motion, the court **vacates** the judgment entered May 22, 2008, and will enter an amended judgment in accordance with its memorandum opinions and orders entered on May 22, 2008, and October 16, 2008; and the jury's verdict rendered on May 16, 2008.

**It is so ordered** this 16th day of October, 2008.

Sam A. Lindsay
United States District Judge